# IN RE INVESTIGATION

## Case No. 84-7920

Eleventh Judicial Circuit, Dade County

April 7, 1984

## APPEARANCES OF COUNSEL

**Anthony C. Musto**, Assistant State Attorney, for State Attorney, Janet Reno.

**Ricardo Torres, Jr.,** of **Shutts & Bowen**, for Biscayne Federal Savings and Loan Association.

## OPINION OF THE COURT

MARIA M. KORVICK, Circuit Judge.

This cause having come before this court on the court's order to show cause why Biscayne Federal Savings and Loan Association (hereinafter Biscayne Federal) should not be held in contempt of court for not complying with the State Attorney's subpoena duces tecum, and this court having reviewed Biscayne Federal's written response to the above order and having heard argument and otherwise having been fully advised of all the premises, it is hereby

ORDERED AND ADJUDGED as follows:

1. On or about March 8, 1984, the State Attorney caused to be served upon Mark E. Goldstein, Senior Legal Counsel for Biscayne Federal, at 1776-90 Biscayne Boulevard, Miami, Florida, a subpoena duces tecum.

2. The subpoena called for the instanter production before Assistant State Attorney Leonard Lewis of certain bank records regarding the accounts of Samuel J. Weitzen, in trust for Anna Weitzen.

3. Mr. Goldstein refused to comply with this subpoena.

4. Biscayne Federal did not move to quash the subpoena and did not otherwise seek any court order which would release it from the subpoena.

5. On April 4, 1984, the State Attorney petitioned this court for an order to show cause why Biscayne Federal should not be held in contempt for its refusal to comply with the subpoena duces tecum.

6. Such an order was entered, requiring Biscayne Federal to show cause in writing on or before April 9, 1984, and setting the case for argument on April 11, 1984.

7. Biscayne Federal timely filed a response to this order and argued the matter before this court.

8. Biscayne Federal's basic position is that unless it is ordered by the court to provide the subpoenaed records, it could possibly find itself open to a civil suit.

9. Biscayne Federal was unable, however, to provide this court with any case holding that a savings and loan association can be successfully sued for complying with a subpoena from the State Attorney.

10. The court rejects Biscayne Federal's position.

11. In the first place, the subpoena here is a court order. It bears the seal of the clerk's office and the name of the clerk and is signed by a deputy clerk. Moreover, it was issued pursuant to Florida Statutes Section 27.04, which allows the State Attorney "the process of his court."

12. An additional reason also exists for rejecting Biscayne Federal's position. Florida Statutes Section 665.042(1) provides that the books and records of a savings and loan association shall be made available for inspection and examination to, among others, any federal or state instrumentality or agency authorized to inspect or examine the books and records. Clearly, in light of the broad subpoena power provided by Section 27.04, this provision applies to the State Attorney.

48

13. Biscayne Federal argues that Section 665.042(1) applies only to books and records which do not pertain to the accounts, loans and voting rights of depositors. This argument is premised on the fact that Section 665.042(2) provides that such books and records shall be kept confidential and shall not be released except upon express authorization of the particular account holder.

14. It is clear, however, from its very language that Section 665.042.(1) applies to all records of an association, including those protected by Section 665.042(2). Therefore, the court rejects Biscayne Federal's position.

15. In light of the foregoing, it is clear that there is no legally acceptable reason to support Biscayne Federal's refusal to comply with the subpoena.

16. After hearing argument in this cause, the court informed counsel for Biscayne Federal that it was reaching the conclusion set forth in the above paragraph and offered Biscayne Federal an opportunity to comply with the subpoena without any sanctions being imposed upon it by the court. Counsel indicated that Biscayne Federal would nonetheless refuse to comply without a further order of the court.

17. This court is therefore left with no alternative but to adjudicate Biscayne Federal in contempt of court and hereby does so.

18. The court will allow Biscayne Federal to purge itself of contempt by complying with the subpoena before 9:30 a.m. on April 16, 1984. This cause shall be set on this court's calendar for that time and date and if Biscayne Federal has not complied with the subpoena by then, this court will proceed to impose sentence.